UNITED STATES *v.* ZELLERBACH PAPER CO. (HOYT, SHEPSTON & SCI-
ARONI)

**No. 4709.**—Invoices dated Nebra, Germany, October 31, 1935, etc.
Certified November 4, 1935, etc.
Entered at San Francisco, Calif., December 13, 1935, etc.
Entry No. 6560, etc.

### Second Division, Appellate Term

(Decided January 23, 1940)

*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attor-
ney), for the appellant.
*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the appellee.

Before TILSON, KINCHELOE, and DALLINGER, Judges

TILSON, Judge: This application for review of the decision of the
trial court is limited to a consideration of whether or not the lower
court erred in holding that inland freight wherever invoiced is not
part of the dutiable value of the imported matrix board.   With regard
to the inland freight the trial court found as follows:

However the special agent's report shows plainly that the inland freight is de-
ducted from the price and the packing is included in the price.

Therefore, all the matrix board is hereby appraised at the local appraiser's *per se*
findings packed, less inland freight wherever invoiced, less 3% discount.

On the item of inland freight, the special agent's report, Exhibit 3,
shows extracts of 10 domestic sales, 9 of which contain the statement
"less actual freight factory to Berlin" or a similar statement.   This
shows that in the ordinary course of making sales in Germany of this
merchandise the freight was actually deducted from the price of the
matrix board.   The same report contains the following statement:

Deliveries to the local trade as stipulated by the cartel are understood to be "ex
factory-station" with deduction made on the invoice for the actual freight expense
incurred to buyer's inland destination.

It would therefore appear that the merchandise is sold at unit
prices with deduction made on the invoice for the actual freight
expenses incurred to buyer's inland destination.   There is also other
evidence in the record which amply sustains the judgment of the trial
court on this point, and as this is the only point raised before us it is
the only question for decision.

*o*

Appellant relies for support of its position upon the case of *United States* v. *Heffernan*, 13 Ct. Cust. Appls., 593, T. D. 41454, wherein it was held that:

Whether the goods were delivered at Wismar, or Hamburg, or in Berlin itself, the price was 38.20 gold marks.

In the instant case it clearly appears that the merchandise was sold and invoiced at a price less an allowance for actual freight expense from the principal market to the inland point of destination.

The evidence in this case clearly supports the finding of the trial court that the item of inland freight wherever invoiced was not a dutiable item, and its judgment in this respect is affirmed. Judgment will be rendered accordingly.